**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4733**

───────────

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

CHRISSY A. MAY,

    Defendant - Appellant.

───────────

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Thomas E. Johnston, District Judge.  (2:10-cr-00161-1)

───────────

Submitted:  December 13, 2011  Decided:  December 23, 2011

───────────

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed in part; dismissed in part by unpublished per curiam opinion.

───────────

Jacqueline A. Hallinan, HALLINAN LAW OFFICES, PLLC, Charleston, West Virginia, for Appellant.  Joshua Clarke Hanks, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chrissy A. May appeals from her eighty-seven-month sentence entered pursuant to her guilty plea to one count of conspiracy to distribute oxycodone, in violation of 21 U.S.C. § 846 (2006). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal, but questioning whether May should have received a lower sentence for assisting the Government. The Government filed a motion to dismiss the appeal on the basis of the appellate waiver contained in May's plea agreement. Although informed of her right to file a pro se supplemental brief, May has not filed one.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Our independent review of the record supports the conclusion that May knowingly and intelligently waived her right to appeal her sentence. Because we conclude that the waiver is valid and enforceable as to May's challenge to her sentence, we grant the Government's motion to dismiss in part. The language of May's waiver does not encompass a challenge to the validity of her guilty plea. Therefore, we deny the motion to dismiss as to May's conviction. However, our review of the record convinces us that May's plea

2

was knowing and voluntary. Accordingly, we affirm May's conviction.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal outside the scope of the waiver. This court requires that counsel inform her client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>